IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MONIKA BARLAR,

      **Plaintiff,**

v.                                 **Case No.:  3:24-cv-00073**

HENIFF TTL, LLC,
HENIFF TRANSPORTATION SYSTEMS, LLC,
HENIFF LOGISTICS, LLC, and
DOUGLAS W. LUECKE,

      **Defendants.**


## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is "Plaintiff's Motion to Compel the Defendant, Douglas W. Luecke, to Answer or Supplement his Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (ECF Nos. 24, 25). Defendant Douglas W. Luecke ("Defendant Luecke") filed a memorandum in opposition to Plaintiff's motion wherein he represented to the Court that the parties had reached an agreement as to all but two of the discovery requests. (ECF No. 30). The remaining disputed requests are Plaintiff's Requests for Production Nos. 19 and 20. (*Id.*). As to those requests, the Court **GRANTS**, in part, and **DENIES**, in part, the motion. The parties shall bear their own costs and attorneys' fees associated with this motion and any discovery compelled by this Order.

I.    **Relevant Facts and Procedural History**

This case arises from a motor vehicle collision that occurred in Mason County, West Virginia on March 17, 2022, between a tractor trailer driven by Defendant Luecke and an emergency vehicle driven by Plaintiff Monika Barlar. (ECF No. 1). In her Complaint, Plaintiff contends that Defendant Luecke was negligent, reckless, careless, and/or showed a conscious disregard to the health, safety, and welfare of others in at least the following ways:

a. failing to keep a proper lookout;

b. failing to yield the right of way by stopping and remaining in a stopped position until the authorized emergency vehicles had passed;

c. failing to yield the right of way and maintain a proper following distance when following authorized emergency vehicles traveling in response to an emergency;

d. failing to keep his tractor and trailer under control;

e. failing to operate his tractor and trailer a safe and prudent manner in view of the conditions that existed at the time of events described above; and/or

f. otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

(ECF No. 1 at 4).

Plaintiff served her discovery requests on Defendant Luecke on June 26, 2024. (ECF No. 18). Defendant answered said discovery requests on July 26, 2024. (ECF No. 21). Defendant Luecke objected to several of the request, and, according to Plaintiff's motion failed to fully answer. (ECF Nos. 24, 25). Plaintiff previously made attempts to

resolve this matter by letter and by email, attempting to schedule a telephone conference with defense counsel to discuss the discovery dispute. However, Plaintiff received no response and then filed her motion to compel. (*Id*.).

After the filing of the motion, the parties were able to reach agreement as to all of the disputed discovery requests except for Plaintiff's Requests for Production Nos. 19 and 20. (ECF Nos. 30, 31). Those two requests remain subject to Plaintiff's motion to compel.

### A. Motion to Compel

The two outstanding requests pertain to any prescriptions that Defendant Luecke was taking at the time of the accident and his medical history. (ECF No. 30 at 1-2). Those requests are as follows:

> 19. If you were taking any prescribed medications at the time of the Subject Collision, please produce a copy of a medications list from your pharmacies.

> 20. Produce a copy of all of your medical records (including substance abuse treatment and mental health treatment records) for the ten (10) year period preceding the Subject Collision.

(*Id*.).

Defendant Luecke contends that the requested information is not relevant and discoverable because his answer and affirmative defenses do not place his medical condition in controversy. He argues that there is no indication in the traffic report that he was suspected of being under the influence of drugs or alcohol and that he had a valid commercial drivers' license. He also asserts that, if the plaintiff wants to gauge how he reacted and drove on the night of the accident, Plaintiff can view the dash cam footage. (*Id*. at 2-4). Plaintiff contends that the requested information is relevant and discoverable insofar as it is necessary to ascertain whether Defendant Luecke had a physical condition or was taking medication which may have contributed to the accident. (ECF No. 31).

## II.    <u>**Relevant law**</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of

discovery:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to

encompass any possibility that the information sought may be relevant to the claim or

defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-

FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). Yet, even if

seeking relevant information, the discovery request must be proportional to the needs of

the case. Fed. R. Civ. P. 26(b)(1).

A party may serve interrogatories, requests for production of documents, and/or

requests for admission, which are generally all due within 30 days of service. Fed. R. Civ.

P. 33, 34, 36. However, the parties may stipulate under Rule 29 of the Federal Rules of

Civil Procedure to modify that timeframe. Fed. R. Civ. P. 29. Any objections to discovery

requests must be stated with specificity. Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B); 36(a)(4),

(5).

A party dissatisfied with a discovery response or lack of response can move for an

order compelling disclosure or discovery after conferring or attempting to confer with the

party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). Importantly,

the party resisting discovery, not the party seeking discovery, bears the burden of

persuasion. *Tinsley v. OneWest Bank, FSB*, No. 3:13-CV-23241, 2014 WL 7005852, at *2 (S.D.W. Va. Dec. 10, 2014) (citations omitted). As such, conclusory and unsubstantiated allegations are simply insufficient to support discovery objections based on the grounds of annoyance, burdensomeness, oppression, or expense. *Id.* With those rules in mind, the Court addresses the specific discovery disputes identified in Plaintiff's motion concerning Requests for Production Nos. 19 and 20.

## III.    **Discussion**

While neither Plaintiff's Complaint nor Defendant Luecke's Answer specifically refer to the defendant's use of prescription medications or his physical health at the time of the collision, those matters are clearly discoverable herein. Pursuant to Rule 26(b)(1), relevancy has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party. *See Becton, Dickinson & Co.,* 2021 WL 3864476, at *3. Based upon that liberal standard, discovery of information concerning any medications or physical conditions which might have affected Defendant Luecke's ability to operate a vehicle on the date of the collision are clearly subject to discovery. Thus, there is no question that the medication list for the date of the accident which was requested in Request No. 19 should be produced. The Court **GRANTS** Plaintiff's motion as to this discovery request.

Likewise, the Court finds that some medical records concerning Defendant Luecke's physical health on March 17, 2022 (the date of the collision) are relevant and discoverable. However, the Court finds Request No. 20 as drafted to be overly broad and not proportional to the needs of the case. Considering the sensitive nature of mental health records and the fact that the court has allowed production of Defendant Luecke's pharmacy records, absent some specific showing that Defendant Luecke's mental health

is in issue, the Court **DENIES** Plaintiff's request for production of such records. The Court further finds that Plaintiff's request for records spanning 10 years prior to the collision is overly broad and limits the scope of Request No. 20 to a period of **five years**. Thus, Plaintiff's motion as to Request No. 20 is **GRANTED**, in part, and **DENIED** in part.

Given the sensitive nature of the information requested and Plaintiff's expressed agreement to entry of a protective order, the parties are **ORDERED** to meet and confer concerning a proposed protective order and submit the proposed protective order to the Court for entry within **10 days** of this Order. Defendant Luecke shall have an additional **10 days** from entry of the protective order to produce the responsive documents. Pursuant to Local Rule of Civil Procedure 26.4(b), the Agreed Protective Order available on the Court's website is the preferred protective order in this district. Therefore, motions requesting modifications to the provisions of the Court's Protective Order should be made sparingly and only for good cause.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: September 23, 2024

Joseph K. Reeder
United States Magistrate Judge